■ In the Matter of JAMES J. O'CONNOR, Petitioner, v LOUIS J. FRANK, as Commissioner of Police of the County of Nassau, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated July 1, 1974, which, after a hearing, found petitioner, a lieutenant in the Nassau County Police Department, guilty of three specifications and fined him five days' pay on each charge, for a total of 15 days' pay. Petition granted to the extent that the determination is modified, on the law, by reducing the fine to one day's pay on each charge, for a total of three days' pay. As so modified, determination confirmed and petition otherwise dismissed, on the merits, without costs. The specific charges were (1) that on January 27, 1974 petitioner left his post as desk officer at the Fifth Precinct and proceeded to the Northern State Parkway to assist his wife and four children who were stranded in an automobile, (2) that he acted in a manner unbecoming to a police officer and prejudicial to the good order and effi-

ciency of the department by assigning a sergeant to act as desk officer in his absence, thus leaving the precinct without a patrol supervisor on patrol, and (3) that he directed a police officer to assist him on his mission to aid his wife. Each of these specifications was established by the proof and, indeed, they were substantially admitted by petitioner. The reason for his action, as he testified, was that in 1966 he had been told by a New York City detective that his father had been in an accident but was not badly injured. However, when he got to the accident scene, petitioner found that his father had been killed instantly. He was afraid that the parkway police might have similarly withheld bad news with respect to his wife and children. His understandable concern for his family led to the precipitate action which resulted in the three specifications. The record does not contain any suggestion of prior impropriety by petitioner. Under all of these circumstances, we find that the penalty imposed was wholly disproportionate to the offense and constituted an abuse of discretion to the extent above indicated. We do not believe that the language employed by the Court of Appeals in *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale and Mamaroneck, Westchester County* (34 NY2d 222) was intended to act as a strait jacket on the power of this court to remedy an administrative injustice. Martuscello, Acting P. J., Christ, Munder and Shapiro, JJ., concur.